IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT JACKSON, on his own
behalf and others similarity
situated,

    Plaintiff,

v.

EURAMAX MANAGEMENT
GROUP, LLC,

    Defendant.

CIVIL ACTION NO.
1:16-CV-1692-SCJ

## ORDER

This matter appears before the Court on Defendant Euramax Management Group, LLC's partial Motion for Summary Judgment on Plaintiff's Retaliation Claim (Doc. No. [27]).

The motion stands unopposed.[1]

The Eleventh Circuit has held that a district court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th

---

[1] More specifically, on May 25, 2017, Plaintiff filed a response in which he stated that he "does not oppose the dismissal of his retaliation claim." Doc. No. [31], p. 1.

Cir. 2004). The district must also "ensure that the motion itself is supported by evidentiary materials." Id.[2] In light of this authority and in making its ruling, the Court has deemed it proper to give due consideration to the entire merits of the motion for summary judgment and the evidence presented, even in the absence of opposition.

A review of the record shows that Defendant filed its motion, brief, and statement of undisputed material facts in support of its summary judgment motion on April 20, 2017. Doc. No. 27. Defendant's brief and statement of material undisputed facts cite to the evidence of record. Id.[3] After reviewing the

---

[2] The Court also considers the applicable summary judgment standard as follows. A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). On a motion for summary judgment, the moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[3] In the absence of opposition, the Court adopts Plaintiff's Statement of Material Facts (Doc. No. [28-1]) and incorporates said facts into this Order by reference pursuant to Local Rule 56.1. Said Local Rule provides in relevant part that "[t]he Court will deem each of movant's facts as admitted unless the respondent" directly refutes, states a valid objection, or points out that the movant's citation is not supported, is immaterial, or otherwise not in

AO 72A
(Rev.8/82)

record, this Court finds that Defendant has established the necessary evidentiary support for the grant of its unopposed motion for summary judgment. The Court finds that Defendant has met its burden of showing that it is entitled to summary judgment on Plaintiff's retaliation claim.

In light of this Court's review of the record, Defendant's unopposed *partial* Motion for Summary Judgment [Doc. No. 27] and all supporting materials filed therewith, the Court finds that the motion is due to be **GRANTED** as to Plaintiff's retaliation claim in Count II of the Complaint (Doc. No. [1]).[4]

**IT IS SO ORDERED**, this 24th day of September, 2017.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

compliance with the Local Rules. LR 56.1(B)(2)(a)(2), NDGa.

[4] Count I (concerning unpaid overtime under the Fair Labor Standards Act (FLSA)) *remains* pending.